John HOFFMAN, Plaintiff,

v.

UNITED PARCEL SERVICE, INC., et al., Defendants.

No. CIV.A. 01–2088–KHV.

United States District Court, D. Kansas.

March 26, 2002.

John Hoffman, Hall, MT, pro se.

Stephen A. Jenkins, Jenkins & Company, Kansas City, MO, for Plaintiff.

Lynn W. Hursh, Armstrong Teasdale, LLP, Kansas City, MO, Jill A. Morris, Daniel K. O'Toole, Armstrong Teasdale, LLP, St. Louis, MO, for Defendants.

## MEMORANDUM AND ORDER

WAXSE, United States Magistrate Judge.

This matter is before the Court on Defendants' requests for sanctions (doc. 13–1 & 19–1). On November 9, 2001, the Court held a telephone hearing regarding the following motions: (1) Defendants' Motion to Compel Plaintiff's Written Discovery Answers (doc. 13–2) and related request for sanctions (doc. 13–1); and (2) Defendants' Motion to Compel Plaintiff's Second Scheduled Deposition (doc. 19–2) and related request for sanctions (doc. 19–1). The Court granted the Motions to Compel and deferred ruling on the requests for sanctions until such time as Plaintiff filed written responses to the sanctions requests.

*See* November 13, 2001 Order (doc. 23). Plaintiff has filed his responses to the requests for sanctions and Defendants have filed their reply briefs. The Court is now prepared to rule on the requests for sanctions.

## A. Request for Sanctions in Relation to Defendants' Motion to Compel Plaintiff's Written Discovery Answers (doc. 13–1)

The Court granted in full Defendants' Motion to Compel Plaintiff's Written Discovery Answers. In their motion, Defendants asked the Court to strike Plaintiff's pleadings with prejudice and requested "any other further relief the Court deems just and proper." Doc. 13 at p. 1. Defendants did not specifically request any monetary sanctions in the Motion to Compel or initial supporting memorandum. Defendants did, however, request in their reply brief that they be awarded $350 to cover the attorney fees they incurred in attempting to obtain plaintiff's discovery responses and in preparing the Motion to Compel and reply brief. *See* Reply, doc. 29 at p. 2.

Plaintiff argues that monetary sanctions should not be awarded because Defendants did not initially request fees in their Motion to Compel. He also argues that sanctions are not warranted because a short time after the Court entered its Order granting the Motion to Compel, Plaintiff fully responded to the discovery responses.

■ The Court is not persuaded by Plaintiff's arguments, and holds that Defendants are entitled to an award of sanctions in the amount of the reasonable fees and expenses they incurred in relation to the Motion to Compel. Such an award is proper pursuant to Fed.R.Civ.P. 37(a)(4)(A). Under that rule, the award of fees and expenses is *mandatory*, unless certain exceptions apply. The Rule provides in pertinent part:

> If the motion [to compel discovery] is granted or if the ... requested discovery is provided after the motion was filed, the court *shall*, after affording an opportunity to be heard, require the party ... whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, *unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery, without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.*

Fed.R.Civ.P.37(a)(4)(A) (emphasis added).

The Court does not find that any of the stated exceptions apply here. Defendants made a good faith effort to obtain the discovery responses prior to filing the Motion to Compel, and Plaintiff's failure to respond was not substantially justified. In addition, the Court does not find that circumstances exist which would make an award of expenses unjust. The Court will therefore award Defendants sanctions in the amount of $350.00, which represents the amount of attorney fees Defendants incurred in connection with the Motion to Compel. The Court will decline to strike Plaintiff's pleadings, as Defendants have requested.

■ The Court must now determine whether it is Plaintiff or Plaintiff's counsel, or both, who should pay the sanctions. To the extent possible, sanctions should be imposed only upon the person or entity responsible for the sanctionable conduct. *White v. General Motors Corp. Inc.*, 908 F.2d 675, 685–86 (10th Cir.1990) (imposing Rule 11 sanctions); *McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 697 (D.Kan.2000) (imposing Rule 37(a)(4) sanctions); *Starlight Int'l, Inc. v. Herlihy*, 190 F.R.D. 587, 593 (D.Kan.1999) (imposing Rule 26(g) and 37(b), (d) sanctions). The sanctioning of a *party*, as opposed to the party's *counsel*, requires specific findings that the party was aware of the wrongdoing. *White*, 908 F.2d at 685–86; *McCoo*, 192 F.R.D. at 697. In the absence of any evidence that Plaintiff himself was responsible for the failure to respond to the discovery requests or aware of any wrongdoing, the Court will hold the law firm of Plaintiff's counsel solely responsible for paying the monetary sanctions.

Accordingly, sanctions in the amount of $350.00 shall be imposed against the law firm of Plaintiff's counsel. The law firm shall make payment to Defendants within ***thirty (30) days*** of the date of filing of this Order.

## B. Request for Sanctions in Relation to Defendants' Motion to Compel Plaintiff's Second–Scheduled Deposition (doc. 19–1)

Defendants seek to recover the fees and expenses they incurred in connection with their Motion to Compel Plaintiff's Second–Scheduled Deposition. They also seek to recover the fees and expenses they incurred preparing for and attempting to take Plaintiff's deposition as noticed.

Federal Rule of Civil Procedure 37(a)(4)(C) allows a court to impose sanctions where, as here, a motion to compel is granted in part and denied in part.[1] Under that rule, the court may "apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner." Fed.R.Civ.P. 37(a)(4)(C).

■ Defendants seek to recover $1,805.40 in fees and expenses for the following:

Preparing for and traveling to take Plaintiff's deposition ($1457.00);

Researching and preparing the motion to compel ($280.00); and

Court reporter fees ($68.40).[2]

Plaintiff argues that no sanctions should be awarded because his counsel had informed defense counsel that Plaintiff would not be attending the deposition at the noticed time. The Court is not persuaded by this argument. Plaintiff was not at liberty to unilaterally decide that he would not attend his properly noticed deposition. Plaintiff's counsel should have filed a motion for protective order, which, if properly made, would have stayed the deposition. *See* D. Kan. Rule 26.2. Plaintiff's counsel, however, chose not

to file such a motion. The Court therefore holds that sanctions should be imposed.

■ Although the Court will impose sanctions, it will not award the full amount requested by Defendants. The Court agrees with Plaintiff that Defendants are not entitled to recover the fees they incurred in preparing for or traveling to the deposition. Such fees were not incurred "in relation to" the Motion to Compel, as required by Fed. R.Civ.P 37(a)(4)(C). Furthermore, the time spent preparing for Plaintiff's deposition should have resulted in work that would be of value to defense counsel regardless of when the deposition is taken. The Court will therefore decline to award Defendants the requested sum of $1457.00 for deposition preparation and travel time.

In light of the above, the Court will grant in part Defendants' request for sanctions incurred in relation to the Motion to Compel Plaintiff's Attendance at Second Scheduled Deposition. Defendants are awarded the sum of $348.40, which includes $280 for preparing the Motion to Compel and $68.40 for court reporter fees. In the absence of any evidence that Plaintiff himself was responsible for the sanctionable conduct or aware of any wrongdoing, the sanctions are imposed against the law firm of Plaintiff's counsel. The law firm shall make payment to Defendants within ***thirty (30) days*** of the date of filing of this Order.

**IT IS THEREFORE ORDERED** that Defendants' Request for Sanctions in relation to Defendants' Motion to Compel Plaintiff's Written Discovery Answers (doc. 13–1) is granted to the extent Defendants seek to recover $350.00 in attorney fees and denied to the extent Defendants request that the Court strike Plaintiff's pleadings. The law firm of Plaintiff's counsel shall make payment of sanctions in the amount of $350.00 to Defendants within ***thirty (30 days)*** of the date of this Order.

---

1. The Court denied that portion of the Motion to Compel which requested an order compelling Plaintiff to appear for his deposition on November 13, 2002. Instead of requiring Plaintiff to attend his deposition on that date, the Court directed the parties to confer and to schedule Plaintiff's deposition at a mutually agreeable time. *See* doc. 23.

2. Defense counsel and the court reporter appeared for Plaintiff's deposition at the noticed time.

**IT IS THEREFORE ORDERED** that Defendants' request for sanctions in relation to Defendants' Motion to Compel Plaintiff's Second Scheduled Deposition (doc. 19–1) is granted in part and denied in part. The law firm of Plaintiff's counsel shall make payment of sanctions in the amount of $348.40 to Defendants within *thirty (30 days)* of the date of this Order.

**IT IS SO ORDERED.**